SUPERIOR COURT
OF THE
STATE OF DELAWARE

ABIGAIL M. LEGROW
*JUDGE*

NEW CASTLE COUNTY COURTHOUSE
500 North King Street, Suite 10400
Wilmington, DE 19801-3733
Telephone (302) 255-0669

March 1, 2016

Nicholas D. Mozal, Esquire
100 S. West Street, Suite 400
Wilmington, DE 19801

Armand J. Della Porta, Esquire
Jessica L. Tyler, Esquire
Marshall Dennehey Warner Coleman
& Goggin
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899

Michael J. Logullo, Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899

RE:     *AT&T Corporation v. Carrier Corporation, et al.*
          C.A. No.  N14C-05-206 AML

Dear Counsel:

Plaintiff AT&T Corporation ("AT&T") alleges in this action that two HVAC systems sold and installed by Defendant National H.V.A.C. Service Ltd., L.P. ("National") were installed negligently in AT&T's commercial building in New Castle County, Delaware.  On May 23, 2104, AT&T filed this action, alleging claims for breach of express warranty and negligence against National and negligent manufacturing against Defendant Carrier Corporation ("Carrier"), who

manufactured the systems. The Court previously denied National's motion to dismiss and granted National's motion for leave to file a third party complaint. I now turn to various discovery motions filed by the parties.

**Background**

AT&T propounded its second interrogatories, which were served on February 16, 2015 (the "Interrogatories"), and its second and third requests for production of documents or things directed to National, which were served on February 16, 2015 and March 20, 2015, respectively (the "Requests"). National's responses were due March 18, 2015 and April 20, 2015.[1] On March 20, 2015, April 15, 2015, and May 15, 2015, AT&T inquired of National's counsel when responses would be received. On May 18, 2015, National's counsel responded that he was "not sure about the delay" and would "follow up with [his] client."[2] On June 9, 2015, AT&T notified National that if a response to the discovery requests was not received before June 11th, AT&T would file a motion to compel.[3] National responded to the Requests on June 11, 2015 but did not respond to the

---

[1] Super. Ct. Civ. R. 34(b).
[2] Certification of Nicholas D. Mozal, Esq. Ex. G ("Cert.").
[3] Cert. Ex. H.

Interrogatories. On August 14, 2015 and August 17, 2015, AT&T made two more inquiries.[4] National finally responded to the Interrogatories on August 20, 2015.

AT&T then sent at least five letters to National regarding alleged deficiencies in its responses to the Interrogatories and Requests.[5] When those efforts failed to resolve AT&T's concerns, AT&T filed a motion to compel supplemental responses to the allegedly deficient responses.

In the midst of the parties' disputes regarding written discovery, efforts also were underway to schedule numerous depositions. Although most depositions were scheduled, National resisted efforts to schedule the deposition of its corporate representative under Superior Court Rule 30(b)(6). AT&T first requested the 30(b)(6) deposition on March 13, 2015. National delayed in scheduling and then took the position that the deposition should not be scheduled unless and until National's motion to dismiss was denied.

National filed a motion for protective order against further discovery on August 25, 2015. AT&T filed a cross-motion to compel the 30(b)(6) deposition on September 29, 2015. In its motion for protective order, National took the position that discovery should be stayed until National's pending motion to dismiss was

---

[4] Cert. Ex. J.
[5] Cert. Ex. K.

resolved, and, if the motion to dismiss was denied, an additional party—Johnson Controls, Inc.—was added to the proceedings.[6] National reasoned that delaying discovery, including the 30(b)(6) deposition, would avoid unnecessary or redundant discovery. In response, and in its motion to compel the deposition, AT&T argued that National failed to raise the issue of adding a third party until after the time to answer the amended complaint had run and that waiting until the motion to dismiss was resolved is another example of National "continuing its practice of delay in this case by withholding discovery from the parties."[7]

In its motion to compel supplemental discovery responses, AT&T argued National must provide the requested versions and copies of contracts it entered into with AT&T between January 1, 2012 and July 1, 2012. AT&T also sought supplemental responses to Interrogatory Nos. 3-7, which generally sought details surrounding National offering an alarm for the system's drip pan and whether National believed the drip pan was adequate to remove the condensation from the Carrier HVAC system.[8]

---

[6] National's Mot. for Protective Order ¶ 6. Allegedly, Johnson Controls was the property manager for AT&T's commercial building. Johnson Controls purportedly coordinated with National for the purchase and installation of the HVAC system on behalf of AT&T. AT&T's Resp. to National's Mot. for Leave to File a Third Party Compl. ¶ 2.

[7] AT&T's Mot. to Compel Dep. of Corp. Rep. ¶¶ 7-8.

[8] AT&T vaguely argues National's responses to the Requests have been "elusive and do not state whether it has produced all responsive documents in its possession," but AT&T does not provide National's

**The 30(b)(6) Deposition**

National's position regarding continued discovery, including the deposition of its corporate representative, is incongruous to National's general willingness to engage in substantial discovery before the motion to dismiss was resolved and the third-party complaint filed. Whatever the merit of National's motion for protective order, however, the passage of time[9] and the filing of the third-party complaint[10] favor waiting an additional limited period of time until Johnson Controls enters its appearance. Once Johnson Controls responds to the complaint – even if the response is a motion to dismiss – the deposition of National's 30(b)(6) witness *shall* be scheduled and held within four weeks of such response, and the parties *shall* continue other discovery promptly. More than enough time has passed since this action was filed.

**AT&T's Motion to Compel Supplemental Responses to Discovery**

National's response to AT&T's motion to compel largely was non-responsive and failed to address the content of National's discovery or its

---

responses to the Requests or any evidence that the parties discussed anything other than the production of the contracts described above. Aside from addressing the issue of whether National must produce the contracts in its possession, custody, or control, I cannot address the sufficiency of any other responses to the Requests, as AT&T has not provided an adequate record on which to do so.

[9] The motion to dismiss was denied on January 19, 2016. (D.I. # 123).

[10] National's Answer to the Am. Compl. with Third Party Compl. Against Johnson Controls, Inc. (DI. #124).

unexplained five-month delay in responding to the Interrogatories. Rather than address AT&T's contention that National's discovery responses were deficient, National instead raised a vague unclean hands defense, asserting, in substance, that AT&T also had engaged in discovery violations. Such a "response" is neither helpful nor productive.

By failing to defend in any way its responses to AT&T's Interrogatories, National effectively concedes the merit of AT&T's position. Even if National had not conceded as much, I have reviewed the responses and find that National's responses to Interrogatory Nos. 3, 4, and 7 are non-responsive, violating Superior Court Civil Rule 33. Interrogatory No. 3 asked National to state "whether in June of 2012, National offered for installation an alarm for the overflow of a drip pan." National's response that it "did not offer any equipment beyond that specified and installed by the manufacturer at the factory" is evasive and does not fairly address the question. Interrogatory No. 4 inquired as to "why an alarm relating to the overflow of a drip pan was not offered to AT&T before June 16, 2012 if one was needed for installation with the Carrier HVAC system you installed." National's answer referred to drip pans but did not address alarms, which was the question's focus. Finally, Interrogatory No. 7 asked whether

National "had any reason to believe that the drip pan that came with the Carrier HVAC System was not adequate to safely remove the condensation from the Carrier HVAC System." National refused to respond on the basis that "it seeks disclosure of expert opinions." The question did not seek an expert opinion, but rather inquired into National's knowledge, if any, at "any time before June 17, 2012."

AT&T's motion to compel supplemental responses to Interrogatory Nos. 5 and 6, on the other hand, is denied. The interrogatory instructions do not ask for an explanation of the basis for a response. That one or more witnesses may have testified in a manner arguably inconsistent with a response does not make the response incomplete.

As for the Requests, National must provide items that are in its "possession, custody, and control."[11] The fact that AT&T already may have the requested contracts does not excuse National from its discovery obligations, particularly since what contracts National has in its possession may be directly relevant to one or more of the disputes in this case. Accordingly, National *shall* provide responsive documents to the Requests Nos. 2 and 3 and supplemental responses to Interrogatory Nos. 3, 4, and 7, within ten days of this letter's date.

---

[11] Super. Ct. Civ. R. 34(a)(1).

Once Johnson Controls has responded to the third-party complaint, counsel *shall* contact my chambers to obtain a new trial date, after which a trial scheduling order will be issued.

**IT IS SO ORDERED.**

Sincerely,

/s/ Abigail M. LeGrow

Abigail M. LeGrow, Judge

AML:cmb
Original to Prothonotary